OPINION
Appellant Dana Coffman appeals a judgment of the Delaware County Common Pleas Court convicting him of Robbery (R.C.2911.02):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED BY FAILING TO APPLY THE PROSCRIBED CREDIBILITY TESTS FOR PHOTO IDENTIFICATION PROCEDURES.
 II. THE TRIAL COURT ERRED BY DENYING THE DEFENDANT THE OPPORTUNITY TO PROVIDE COMPLETE ALIBI TESTIMONY.
 III. THE TRIAL COURT ERRED BY IMPOSING DISCOVERY SANCTIONS AGAINST THE DEFENDANT.
 IV. DEFENDANT WAS DENIED A FAIR TRIAL BECAUSE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
On April 6, 1996, Patrick Starr was working at the Shell station in Delaware County. At around 12:45 A.M., Starr was cleaning up the store. A man entered and asked if he could get some change for the telephone. Starr went behind the counter to open the register to get the change. The man said to Starr, "While you are in there, give me all of the money that is in the register; I have a gun in my pocket." Starr gave the man all of the money from the register, and the man left.
Starr called the Delaware County Sheriff's office. He told the police that the perpetrator left the Shell station after the robbery and walked away. He described the robber as a black male, between mid-twenties to early thirties, approximately 5'6" to 5'9", 145 to 165 pounds, wearing a dark coat with a black and white checkered hood, and a dark toboggan cap over his head. In addition, the Shell station had security cameras inside the station which recorded the robbery. Through working with the Columbus Police Department, a man named Richard Martin became the initial suspect in the robbery. Detective Schambs, of the Sheriff's Department, obtained a computer-generated photo array, including a photograph of Richard Martin. He presented the array to Patrick Starr, who did not pick a suspect out of this array. Upon further investigation with the assistance of the Columbus Police Department, appellant became a suspect. Detective Schambs obtained a second computer-generated photo array, from which Patrick Starr picked appellant's picture.
Appellant was indicted by the Delaware County Grand Jury on one count of Robbery. The case proceeded to jury trial in the Delaware County Common Pleas Court. Appellant was convicted as charged, and sentenced to a term of incarceration of three to fifteen years.
 I.
Appellant moved to suppress Starr's out-of-court identification of appellant. The court overruled the motion. Appellant now claims that the court improperly focused on whether the photo array was suggestive, rather than on the reliability of the identification.
When faced with a motion to suppress an out-of-court identification, the court must first determine whether the identification procedure was unnecessarily suggestive. Manson vs.Braithwaite (1977), 432 U.S. 98, 111-13. If the court concludes that the identification procedure was unnecessarily suggestive, the identification may still be admissible if the identification was reliable under the totality of the circumstances. Id. at 114. In determining reliability, the court must consider the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the time that has elapsed between the crime and the confrontation. Neil vs. Biggers (1972), 409 U.S. 188,199-200. Appellant does not now argue that the identification procedure was unnecessarily suggestive. As the court found that the procedure was not suggestive, the court did not need to go further to consider whether the identification was reliable under all of the circumstances.
Appellant argued that he was denied an opportunity to question Starr's attention span, and to question factors of his personal lifestyle that may affect his attention and memory. Having properly found that the identification procedure was not suggestive, these factors relayed to the weight to be given the evidence, not to its admissibility. Appellant cross-examined Starr at trial concerning his ability to view the suspect during the robbery.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred by denying him an opportunity to provide complete alibi testimony. Appellant claims that the court only allowed him to present one alibi witness, rather than the two witnesses whom he planned to call.
On January 17, 1997, appellant filed a Notice of Alibi pursuant to Crim.R. 12.1. The notice contained no specific information required by the rule as to the place where appellant claimed to have been at the time alleged offense. The State responded by filing a motion requesting the court to require appellant to comply with Crim.R. 12.1.
Appellant filed his second Notice of Alibi on September 16, 1997. This notice stated that during the approximate time of the alleged offense, appellant was in the company of friends, bar hopping in North Columbus. The trial commenced on September 23, 1997. Prior to trial, the court discussed the Notice of Alibi with counsel. The State argued that the notice was not timely filed, and was still not specific as to where appellant was during the time of the alleged offense. Counsel for appellant argued that they did not have specific information as to an exact location, as appellant and his friends were going from bar to bar. The court found that counsel for appellant had acted in good faith concerning the Notice of Alibi, and allowed appellant to present the testimony of Curtis Coffman and Miles Beverly.
Curtis Coffman testified at trial. He testified that appellant, Miles Beverly, and himself went to several bars at the Continent, including the Yucatan. He testified that they went to the Elephant Bar at approximately 12:30 to 12:45 A.M., and stayed there until approximately 2:00 or 2:15 A.M. Coffman testified that prior to going bar hopping, they watched the Chicago Bulls play basketball.
Counsel for appellant attempted to introduce, as an exhibit, the Chicago Bulls television schedule. During discussion of the admission of the exhibit, which was ultimately excluded, the court expressed its displeasure with the conduct of counsel. The court pointed out that, although counsel claimed they did not have specific names of bars and times to provide in the Notice of Alibi, Curtis Coffman testified specifically as to the bars they went to, and the times they were at such bars. The court stated that he was "about this close to not allowing you (defense counsel) to call any other witnesses because it is a cheap shot." Tr. 206-207. It is apparent from the record that the court no longer believed that counsel had acted in good faith in failing to provide details in the Notice of Alibi. However, appellant never attempted to call Miles Beverly, and the record does not reflect that the court positively ruled that he could not call Miles Beverly. Appellant has not demonstrated from the record that he was denied an opportunity to present his alibi defense.
The second Assignment of Error is overruled.
 III.
Appellant wanted to call an expert witness at trial concerning the issue of cross-racial identification. The court did not allow the witness to testify pursuant to Crim.R. 16. The court found that appellant failed to comply with discovery concerning this witness, as the phone number of the witness was not presented to the prosecutor until the Friday before trial, and the name of the witness was not given to the prosecutor until Monday, which was the day before trial.
Crim.R. 16(E)(3) allows the court to prohibit a party from introducing evidence material not disclosed in discovery. The imposition of sanctions for a discovery violation lies within the sound discretion of the trial court, and the court is empowered to impose whatever sanction it deems just under the circumstances.State vs. Wiles (1991), 59 Ohio St.3d 71. Exclusion of testimony or evidence as a discovery sanction is only impermissible where the exclusion acts to completely deny a criminal defendant his or her constitutional right to present a defense. State vs. Montes
(1993), 92 Ohio App.3d 539, 549.
The court's ruling did not prevent appellant from presenting a defense. Despite his failure to comply with Crim.R. 12.1 concerning Notice of Alibi, the court allowed appellant to present his alibi defense. When faced with a second blatant violation of the Criminal Rules, the court did not abuse its discretion in refusing to allow appellant to call an expert witness not disclosed to the prosecutor until shortly before trial.
The third Assignment of Error is overruled.
 IV.
Appellant argues that his counsel was ineffective in numerous ways. Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland vs. Washington (1984),466 U.S. 668; State vs. Bradley (1989), 42 Ohio St.3d 136,cert. denied, 497 U.S. 1011. To show prejudice, the defendant must show that had counsel not erred, there is a reasonable probability that the outcome of the preceding would have been different. Id.
Appellant argues that counsel failed to object to hearsay testimony of the description of the perpetrator, the playing of the video tape of the crime, the admission into evidence of pictures taken from the video tape, the policeman's testimony that appellant's picture was in the photo array, the policeman's conclusion that the picture in the video was appellant, and the prosecutor's leading questions in re-direct examination of its own witness.
Appellant has made no attempt to argue that these alleged errors by counsel were prejudicial. Appellant has not demonstrated that had any of these objections been made, they would have been sustained. In addition, appellant has not demonstrated that had objections to these issues been sustained, he would have been acquitted.
Appellant next argues that counsel was ineffective for eliciting testimony from police detectives that appellant was, at the time of trial, under investigation for several rapes and robberies in the vicinity of the gas station where the robbery took place.
Counsel was cross-examining Detective Schambs concerning the reason the Columbus Police Department possessed a photograph of appellant. It is apparent that counsel was attempting to demonstrate that he was not under investigation for a robbery, or any similar crime to the robbery of the Shell station. Counsel was apparently attempting to demonstrate that appellant had not been accused of similar crimes and, therefore, did not commit this robbery. Although this attempt was unsuccessful, appellant has not overcome the presumption that, under the circumstances, the challenged action was trial strategy. Strickland, supra, at 689.
Finally, appellant argues that counsel was ineffective for failing to comply with Crim.R. 12.1 and 16. Appellant was not prejudiced by his attorney's failure to comply with Crim.R. 12.1, as the court permitted him to present his alibi testimony. See Assignment of Error above. Appellant has not demonstrated that had his expert witness on cross-racial identification been permitted to testify, he would have been acquitted. There was ample evidence in the record to support the verdict.
Appellant also argues that it is apparent from the record that counsel was not well prepared for trial. We cannot determine from the record on direct appeal that counsel did not adequately prepare a defense in the instant case.
The fourth Assignment of Error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.